CERTIFIED A TRUE COPY
Jessica J. Lyublanovits
By: [signature]
Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS
LIABILITY LITIGATION            MDL No. 2734

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the *Johnson* action listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred *Johnson* to the Northern District of Florida for inclusion in MDL No. 2734. Defendants Bristol-Myers Squibb Company, Otsuka Pharmaceutical Co., Ltd., and Otsuka America Pharmaceutical, Inc., oppose the motion.

In opposing transfer, plaintiffs primarily argue that federal subject matter jurisdiction over *Johnson* is lacking, and that it would be more efficient for their pending motion to remand to state court to be heard by the transferor court. Plaintiffs' arguments that transfer would be inefficient (*i.e.*, because one of the plaintiffs is entitled to a preferential trial setting under Nevada law, and remaining in federal court could result in the severance of plaintiffs' claims) necessarily depend on an initial legal conclusion that *Johnson* was improperly removed from Nevada state court. This is a conclusion that the Panel is neither authorized nor inclined to reach. *See In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, MDL No. 2502, 2014 WL 10790383, at *1 (J.P.M.L. Jun. 6, 2014) ("We lack such authority" to "assess the reasonableness" of defendants' bases for removal.). Accordingly, the Panel has held that jurisdictional issues generally do not present an impediment to transfer.[2] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs can present their remand arguments to the transferee judge.

Plaintiffs also argue that they will be prejudiced by transfer because transfer will delay resolution of their pending remand motion. This argument is not persuasive. Transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

After considering the parties' arguments, we find that *Johnson* involves common questions of fact with the actions transferred to MDL No. 2734, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of Florida was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that Abilify (aripiprazole), an atypical anti-psychotic medication commonly prescribed to treat a variety of mental disorders, can cause impulse control problems in users. *See In re Abilify (Aripiprazole) Prods. Liab. Litig.*, 232 F. Supp. 3d 1342, 1342-43 (J.P.M.L. 2016). Plaintiffs in *Johnson* do not dispute that they similarly allege that they experienced compulsive behavior as a result of ingesting Abilify. Like the actions in the MDL, *Johnson* will involve factual questions relating to whether Abilify was defectively designed or manufactured, whether defendants knew or should have known of the alleged propensity of Abilify to cause compulsive gambling and other impulsive behaviors in users, and whether defendants provided adequate instructions and warnings with this product.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Florida and, with the consent of that court, assigned to the Honorable M. Casey Rodgers for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell     Charles R. Breyer
Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry

**IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS**
**LIABILITY LITIGATION**          MDL No. 2734

## SCHEDULE A

<u>District of Nevada</u>

JOHNSON, ET AL. v. BRISTOL-MYERS SQUIBB COMPANY, ET AL.,
    C.A. No. 3:18-00143